## Commonwealth v. Dever

*Benjamin M. Golder,* for Commonwealth.
*Edmund G. J. Dale,* for defendant.

SLOANE, J., January 27, 1941.—Defendant was convicted of assault and battery and aggravated assault and battery. He filed a motion for a new trial principally on the ground that the charge was not legally supported by the evidence. The motion should be dismissed.

The offense took place at the northwest corner of Broad and Jefferson Streets in Philadelphia at about 2:30 a.m. The prosecutor had stopped his car on the west side of Broad Street, facing south, about thirty feet north of the Jefferson Street intersection, and about three feet from the curb. The prosecutor left his lights on, got out of his car and went to the rear to inspect his gasoline tank in connection with some difficulty he was having with his motor. He had just begun to remove the gasoline cap when he was struck in the rear by defendant's car, sustaining severe injuries—amputation of both legs, from the knees down. At the time, the prosecutor was standing at the rear of his car on the right-hand side facing south.

Defendant testified that he, accompanied by three strange women whom he had picked up as passengers, was traveling south on Broad Street at about 25 or 30 miles per hour. When he reached a point about 35 feet from the rear of the prosecutor's car, he noticed that the traffic signal at the intersection was red. He slowed down, but shifted his car into second gear when the traffic light turned to green. He testified that at this point his car was going no more than eight or ten miles per hour. He saw the prosecutor's car standing still but anticipated that he intended to move with the green light. Defendant looked again to the traffic light on the east side of the street, and when he turned his head to

the front of his car he was too close to the prosecutor to stop his car without a collision.

"In order to warrant a verdict of guilty upon an indictment charging assault and battery or aggravated assault and battery, it is incumbent upon the Commonwealth to prove that the operator of the car was wilfully driving at a high rate of speed, or in a manner which involved a reckless disregard for the safety of others lawfully using the streets: *Com. v. Donnelly*, 113 Pa. Superior Ct. 173, 172 A. 190; from such conduct the necessary intent to injure may be inferred": Commonwealth v. Kalb, 129 Pa. Superior Ct. 241, 243 (1937). See also Commonwealth v. Raspa, 138 Pa. Superior Ct. 26 (1939).

The recklessness of defendant is a question for the jury under the circumstances of each case: Commonwealth v. Bergdoll, 55 Pa. Superior Ct. 186 (1913); Commonwealth v. Muska, 92 Pa. Superior Ct. 121 (1927).

In the present case, there was testimony to the effect that defendant was driving without lights. Furthermore, the jury were warranted in finding defendant guilty of recklessness from the circumstance of his driving behind a parked car without attention to the business of driving and without proper control of his car. The jury had the right to infer that defendant was driving at a high rate of speed or that he did not have proper control of his car, or that he was inattentive since he testified that he saw prosecutor's car when it was 35 feet in front of him. The inference of recklessness was for the jury and we cannot say as a matter of law that they were wrong.

Defendant contends that we improperly admitted evidence that he was driving without lights. The prosecutor testified that defendant was driving without lights because be was unable to see any glare as defendant's car approached him. Although the prosecutor had his back to defendant as the latter drove

upon him, the fact that the prosecutor was unable to detect any reflection upon his own car from the headlights of the oncoming car was some evidence that defendant's headlights were not operating properly. Certainly the weight of this testimony was for the jury.

A passenger in another car temporarily halted on the west side of Jefferson Street testified that she saw defendant approaching behind the prosecutor's car and that he was driving without lights. She also testified that she saw the prosecutor standing at the rear of his car just prior to the collision. She was severely cross-examined by defendant's counsel and the weight of her testimony was properly submitted to the jury.

Defendant contends that the recklessness sufficient to convict of assault and battery must be of the same degree as that required to support a conviction for murder, if the victim dies. Therefore, it is argued that, since defendant would not have been guilty of murder in the present case had the prosecutor died but only of involuntary manslaughter, defendant was not properly convicted of assault and battery. It may be true that defendant would not have been guilty of murder if the prosecutor had died. However, defendant fails to recognize that ordinary negligence is not sufficient to convict of involuntary manslaughter and that some form of criminal culpability or wantonness is necessary: Commonwealth v. Gill, 120 Pa. Superior Ct. 22 (1935). From this it is apparent that all convictions of assault and battery by automobile are not necessarily parallel to convictions for murder, for a jury may be warranted in finding one defendant guilty of the former offense but another defendant not guilty of the latter offense in a comparable situation where the victim has died. The malice required to convict of murder must be distinguished from the intent which may be inferred from the recklessness of the act in an assault and battery case. It would not be inconsistent for a court to hold that defendant in a situation similar

to the present case, but where the victim has died, was guilty only of involuntary manslaughter.

The significant fact is that defendant has been unable to cite one case where the court held as a matter of law in a comparable situation that defendant was not guilty of assault and battery. On the other hand, in Commonwealth v. Bowsard, 23 Berks 239 (1931), where defendant and the prosecutor were driving in opposite directions along the same street and the only recklessness was defendant's attempt to make a left-hand turn in the face of prosecutor's oncoming car, the court said (p. 240) :

"The decision of this kind of issue of fact appears to be for the juries, on each state of facts, and under a proper charge. . . . we cannot say that a jury might not find excessive or extraordinary negligence in the act of one making a left turn under the circumstances of this case. While gross or excessive negligence does indeed suggest, as contended by counsel, a case of high speed or of wanton, desperate driving through crowds, we cannot say that a motorist could not be grossly negligent though he was driving at moderate speed, and though there was but one other vehicle in the vicinity."

In Commonwealth v. Levan, 26 Berks 151 (1934), defendant and the prosecutor were driving along the same street in opposite directions when the former suddenly swerved into the wrong lane and caused a collision. The court, relying on the Bowsard case, refused to disturb a guilty verdict on a charge of assault and battery. See also Commonwealth v. Erisman, 45 Lanc. 85 (1936), for a complete review of most of the cases in this State on this problem.

The motion for a new trial was therefore denied.