## Commonwealth *v.* Muska, Appellant.

*Criminal law—Assault and battery—Reckless driving of automobile—Case for jury.*

In the trial of an indictment for assault and battery, there was evidence that defendant was driving his machine at the rate of forty or fifty miles an hour when he struck and injured a pedestrian crossing the street; that his brakes began to screech 100 feet away and that his car skidded sixty feet on a dry road after applying the brakes before he hit her; and an admission by him that he had seen her fifty feet away but was going too fast to stop in time. *Held:* That this supplied sufficient evidence of reckless and wanton operation of the car to sustain a verdict of guilty.

*Criminal procedure—Charge of court—General exceptions.*

On general exceptions to the charge of the Court, only basic and fundamental errors ·will be considered.

Argued November 18, 1927.   Appeal No. 362, October T., 1927, by defendant from judgment of Q. S. Philadelphia County, March T., 1926, No. 141, in the case of· Commonwealth of Pennsylvania v. Edward Muska.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Indictment for assault and battery.   Before ARIRD, P. J., 37th Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Errors assigned,* were various rulings on evidence, the charge of the court, and refusal to grant a new trial.

*Lemuel B. Schofield,* and with him *Oscar Brown,* for appellant.

*Bryan A. Hermes,* Assistant District Attorney, and with him *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY KELLER, J., December 15, 1927:

Appellant was convicted of assault and battery, in knocking down and running over with his automobile a young woman, Anna Vorlander by name, as she was walking across the street in front of her home at about one o'clock in the morning of December 26, 1925.   He appeals on the ground that the evidence was insufficient to support the verdict.

The evidence is not as full and complete as it might

be, but we think it is sufficient to support a finding by the jury that the defendant was operating his car recklessly and in wanton disregard of the safety of others at the time he struck the girl, thus justifying a conviction of assault and battery. The intent necessary for a conviction on this criminal charge may be supplied or inferred from such reckless and wanton operation of a car.

A party of six, including the Vorlander girl, motoring home from a party, had stopped on the south side of Cottman Street opposite the home of Miss Vorlander, who lived across the street at No. 1233. Their automobile had been traveling eastward. It stopped at a point about 161 feet east of Claridge Street and 92 feet west of Montour Street. One of the party, Stahl, got out of the car on the left side, looked eastward on Cottman Street, and seeing nothing coming helped Miss Vorlander out, and then took his seat again in the car. Before the girl had crossed the twenty feet of paving in the center of the sixty foot wide street, she was struck and run over by defendant's car going rapidly westward. There was testimony that he was going from forty to fifty miles an hour at the time; that he had admitted having seen the girl fifty feet away and that he had tried to stop but was going too fast to be able to do so; that his brakes began to screech at Montour Street about one hundred feet away; and of visible signs of his car skidding for sixty feet on a dry road before he hit the girl.

We are not satisfied, under such circumstances, that it was the duty of the trial judge to take the case from the jury and order a verdict of not guilty.

Defendant's attorney at the trial,—(not the learned counsel urging this appeal),—evidently did not think so, for he presented no point for binding instructions and took no exception to the charge of the court. Unless the defendant was entitled to binding instructions, we must affirm the judgment; for the general excep-

tion to the charge, allowed after this appeal was taken, would only apply to basic and fundamental errors (Com. v. Scherer, 266 Pa. 210; Sikorski v. Phila. & Reading Ry. Co., 260 Pa. 243), and no such error is urged other than the want of sufficient evidence to sustain the verdict, on which we have already passed.

That we might not have made the same finding on all the evidence is not ground for reversing the judgment.

The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.