Com. of Pa. *v.* Donnelly, Appellant.

Argued March 16, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Michael A. Foley,* for appellant.

*James W. Tracey,* Assistant District Attorney, for appellee.

Opinion by Baldrige, J., April 23, 1934:

The appellant and John J. Muldoon were indicted for the crimes of assault and battery and aggravated assault and battery and failure to stop and render assistance after injury to a person. The jury found Donnelly, the appellant, guilty under both indictments, and Muldoon not guilty of assault and battery or aggravated assault and battery, but guilty of failure to stop and render assistance after injury to a person. Donnelly took an appeal, alleging that there was no evidence to sustain his conviction of assault and bat-

tery and aggravated assault and battery, and that the Commonwealth's proof did not warrant the conviction of both defendants for failure to stop and render assistance.

On October 5, 1931, at about 7 p. m., William Cornelius Christie, accompanied by his wife, was crossing Grays Ferry Avenue at the intersection with Thirty-sixth Street, when he was struck by an automobile and was injured. Neither he nor his wife, nor another witness called upon the part of the Commonwealth, was able to give any details of the accident. Mrs. Christie testified that after the accident the car ran about a half square and was returned, when she recognized Donnelly, who was then driving the car. Mr. Pitts, the only eye-witness besides the Christies, testified that the car ran about 12 yards after the accident, was backed, and was then immediately driven away, but as it was dark, he was unable to state positively whether Donnelly or Muldoon was at the wheel. Muldoon testified that he was operating the car at the time of the injury.

In order to warrant a verdict of assault and battery or aggravated assault and battery, it was incumbent upon the Commonwealth to prove that the operator of the car was wilfully driving at a high rate of speed, or in a manner which involved a reckless disregard for the safety of others lawfully using the streets: Com. v. Bergdoll, 55 Pa. Superior Ct. 186; Com. v. Coccodralli, 74 Pa. Superior Ct. 324; Com. v. Muska, 92 Pa. Superior Ct. 121. The record before us is barren of circumstances which would indicate such an unlawful speed, or other wanton conduct, amounting to a wilful disregard for the safety of the traveling public. The evidence being insufficient to prove gross negligence which is required to support a criminal conviction, the court should have sustained a request for binding instructions in the indictment charging

assault and battery and aggravated assault and battery. The evidence, however, was sufficient to warrant the finding of guilty on the charge of failure to stop and render assistance. Under the provisions of the Vehicle Act of May 1, 1929, P. L. 905, 984, §1025, amended June 22, 1931, P. L. 751, §2 (75 PS §634), "the driver and owner, if present, of any vehicle involved in any accident," resulting in injury to any person, is guilty if assistance is not rendered.

It is unnecessary for us to speculate upon the reasons which moved the jury in this case to find both defendants guilty of failure to stop and render assistance, as consistency in the verdicts is not necessary: Com. v. Kline, 107 Pa. Superior Ct. 594, 164 A. 124. It may be, however, that the jury concluded that both were in the car, that Muldoon was driving at the time of the accident, and that Donnelly drove the car back to the scene of the accident. If that were so, the verdicts were entirely congruous. While Muldoon, as above stated, said that he was driving the car, Mrs. Christie was positive that Donnelly, the admitted owner of the car, returned with it. In any event, there was sufficient evidence to support the finding of the jury that Donnelly, either as owner or driver, was in the car at the time of the accident and that he failed to render assistance. We find no reason for disturbing the conviction of the appellant for failure to stop and render assistance.

The judgment is reversed in No. 49, October Term, 1934, and is affirmed in No. 50, October Term, 1934, and the defendant is ordered to appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in No. 50, October Term, 1934, was taken.