## Commonwealth *v.* Kalb, Appellant.

Argued September 27, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

242

*James P. Gilliland,* for appellant.

*John P. Boland,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY JAMES, J., December 17, 1937:

At the trial, before a judge sitting without a jury, Charles Kalb, appellant, was found guilty upon an indictment charging assault and battery and aggravated assault and battery, in striking, with his automobile, one John Ree as he was walking across Riverside Drive in Fairmount Park, Philadelphia. The statement of questions involved relates solely to the sufficiency of the evidence to support the verdict.

At about 11 o'clock on the evening of August 2, 1936, John Ree and Shirley Levy, a lady companion, were walking on Columbia Drive near its intersection with Riverside Drive—also known as East River Drive—in Fairmount Park, intending to cross Riverside Drive near Grant's Monument. Riverside Drive is 65 feet in width. When they reached the intersection and were about to enter into Riverside Drive, according to the testimony of Ree, the only car in sight was appellant's coming from their left, a distance of 1500 to 3000 feet. When he first looked, the car seemed to be going slowly, but when he next saw it, it was going "extremely fast." As they walked toward the center of the driveway, appellant's car appeared almost on top of them, and as

Ree testified, "I ran, on the spur of the moment, forward, and Shirley ran backwards and the car hit me before I could run to the other side of the street." Miss Levy testified that before they had started to cross the driveway, they had seen lights but figured that they were far enough away to allow them to cross safely, but when they got to about the middle of the driveway, the car seemed to be directly upon them and she became frightened and instinctively ran backwards while her companion ran forward; and that he was carried by the car to a point about one hundred feet above the monument. The record does not establish how near to the monument Ree was when struck.

In order to warrant a verdict of guilty upon an indictment charging assault and battery or aggravated assault and battery, it is incumbent upon the Commonwealth to prove that the operator of the car was wilfully driving at a high rate of speed, or in a manner which involved a reckless disregard for the safety of others lawfully using the streets: *Com. v. Donnelly,* 113 Pa. Superior Ct. 173, 172 A. 190; from such conduct the necessary intent to injure may be inferred. Applying this rule to the facts as testified to by the witnesses for the Commonwealth, we are unable to find they establish either that the car was operated at a high rate of speed, or in a manner which involved a reckless disregard of others lawfully using the driveway. The testimony of John Ree, that he saw the appellant's car 1500 to 3000 feet away, indicates too clearly that his estimate was largely a guess. Assuming that the car was 1500 feet away when he attempted to cross the driveway, it must have covered this distance while he was traveling about thirty feet. This seems highly improbable, in view of his further testimony that when he first saw the car it was going slowly and later, it was going extremely fast. To say that a car is being driven "extremely fast" is not sufficient to establish that the

car was operated at a high rate of speed or in a reckless disregard of the rights of others. As was said in *Dopler v. Pittsburgh Rwys. Co.*, 307 Pa. 113, 117, 160 A. 592: "The driver of the automobile said it was 'pretty fast,' but 'pretty fast' may be the regular speed, and it may be either fast or slow according to the circumstances. Under some conditions, five miles an hour would be 'pretty fast.' The words are relative, and negligent speed is required to be shown in a more definite manner. Such testimony is not sufficient proof of reckless or careless operation to sustain a charge of negligence." In other cases, referred to in the same opinion, testimony that the car was going "ordinary fast," "extra fast," "came at full speed," "they were running pretty fast," and "they came swiftly past us" was held not sufficient to even establish negligence in the absence of evidence of actual speed. See also *Fasano v. P. R. T. Co.*, 104 Pa. Superior Ct. 124, 159 A. 219 and *Wertz v. Shade*, 121 Pa. Superior Ct. 4, 182 A. 789.

Nor is the fact that appellant's car carried Ree on the running board for a distance of about one hundred feet, of itself, sufficient to indicate either a high rate of speed or a wilful disregard for the rights of others. A fair analysis of the testimony establishes that Ree took the risk of crossing the highway when he observed the approach of appellant's car, which may be attributed to either lack of judgment as to the distance which the car was from him, or a rashness in exposing himself to the danger of trying to beat the car. The evidence being insufficient to establish either of the essentials of the rule required in convictions of assault and battery or aggravated assault and battery, the court below should have found appellant not guilty.

Judgment is reversed and appellant is discharged without day.