Commonwealth *v.* Raspa, Appellant.

Argued September 26, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*I. Finkelstein,* with him *Louis Lipschitz,* for appellant.

*Emanuel W. Beloff,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY HIRT, J., December 13, 1939:

This appeal raises the question of the sufficiency of the evidence to sustain a conviction of the defendant on a charge of aggravated assault and battery with a truck.

A road was being constructed on a W. P. A. project in the Strawberry Mansion section of Fairmont Park in Philadelphia; between 200 and 300 men were employed on the work. The road runs in a general northerly and southerly direction, and the improvement consisted in bringing the roadway to grade and paving it with crushed stone. So that traffic would not be interrupted, the west one half of the roadway was first paved to a width of twenty feet, and the work in progress at the time of the injury consisted in excavating the east one half of the road to grade and hauling away the excess material. The plans contemplated a finished pavement forty feet in width.

There were ten or eleven trucks on the project and the workmen were excavating material and loading the trucks by means of hand tools. Defendant was employed on the work with his three-and-one-half-ton dump truck and was driving it at the time of the alleged assault. He had backed the truck on to the east side of the road, the unfinished portion, but at a point where the excavation to grade had already been completed. The labor foreman in charge of the work ordered him to move his truck to a location where a group of men were standing idle waiting for a truck to haul away the excavated material. Defendant arbitrarily refused to move his truck, giving as an excuse: "Because I don't want to. I don't have to." When threatened with discharge and the removal of his truck from the work

because of insubordination, defendant in anger drove his truck forward on to the finished portion of the pavement, stopped, and immediately started to back the truck in the direction of the location assigned to him. The prosecutor, J. P. Sheedy, was a labor foreman on the project, and as the defendant's truck pulled out on to the pavement, Sheedy, in the performance of his duties, was walking on the unfinished part of the pavement near the center line of the road. He was observed by the defendant as he walked past the truck but, notwithstanding notice to defendant that Sheedy was passing to the rear, defendant immediately backed his truck without warning and within a distance of twelve feet struck Sheedy and seriously injured him. As the truck started to back, a group of workmen seeing Sheedy's danger, shouted to the defendant to stop. The testimony is sufficient to support the finding that defendant disregarded this warning. It is also reasonably clear that Sheedy was not facing the truck when he was struck.

The Act of March 31, 1860, P. L. 382, 18 PS 2112, in Section 98, following a section providing punishment for assault and battery, prescribes more severe penalties where "any person shall unlawfully and maliciously inflict upon another person, either with or without any weapon or instrument, any grievous bodily harm......" A necessary element of assault is the attempt to do violence to the person of another, and if that attempt is consummated maliciously and grievous bodily harm results, the essentials of the above misdemeanor are present. But it is not requisite that the intent to do injury be actual or specific. Intent may be implied if the act be done unlawfully and maliciously and serious injury results. Malice in this statute is not limited to a particular ill will but comprehends reckless conduct from which injury is likely to result though actual intent to injure anyone is lacking. In *Smith v. Com.*, 100 Pa. 324, a case where the defendant discharged a

pistol in a railway coach, intending only to shoot into the floor of the car and a passenger was injured, it was said: "The act of discharging the pistol, under the circumstances found by the jury, was undoubtedly unlawful and well calculated to inflict serious personal injury. It was recklessly and wilfully done, without the slightest justification or excuse. From such facts as these the law will imply malice." And in the operation of an automobile, "The intent necessary for a conviction on this criminal charge may be supplied or inferred from such reckless and wanton operation of a car": *Com. v. Muska*, 92 Pa. Superior Ct. 121. In *Com. v. Coccodralli*, 74 Pa. Superior Ct. 324, the evidence was found to be sufficient to warrant a finding that the defendant had driven his truck in a manner which manifestly and necessarily imperiled the lives and limbs of other persons lawfully upon the street, and it was held that these facts raised a legal implication of malice though the defendant was not actuated by express malice and did not consciously intend to injure anyone. From proof that the operator of a car was wilfully driving in a manner which involved reckless disregard for the safety of others lawfully using the streets, the necessary intent may be inferred: *Com. v. Donnelly*, 113 Pa. Superior Ct. 173, 172 A. 190; *Com. v. Kalb*, 129 Pa. Superior Ct. 241, 195 A. 428. The testimony in this case rises to that degree of proof. Defendant in a passion, failed to heed the shouting of the workmen who called to him to stop, and wilfully and recklessly backed his truck in total disregard of the safety of others. From the manner of the operation of the truck malice may be implied.

The judgment is affirmed and it is ordered that defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence imposed or any part of it which has not been performed at the time the appeal in this case was made a supersedeas.