**Stanley License**

*William F. Morgan,* District Attorney, for Commonwealth.

*H. Robert Hampson,* for defendant.

WOLFE, P. J., July 11, 1973.—Defendant was found guilty in the Magistrate Court of violation of section 1001(1) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS § 1001; in that she did operate a motor vehicle carelessly, disregarding the rights or safety of others so as to endanger persons or property. From this conviction, defendant has appealed.

On April 2, 1973, at approximately 9:58 p.m., defendant was operating her motor vehicle in an easterly direction on Pennsylvania Avenue, East, in the Borough of Warren, approaching Marion Street. She was not familiar with the area and was looking for Hammond Street, which she had passed. In her efforts to locate the street, she permitted her vehicle to wander into the westbound lane and, according to the arresting police officers, two oncoming vehicles were forced to the curb and, as defendant turned into Marion Street, a third westbound vehicle was forced to a stop. Defendant's speed was not in excess of 15 miles per hour according to the officers.

When stopped, one officer inquired of defendant if she had been drinking or using drugs and was satisfied with her negative answer and, after considering four different charges that could have been lodged against her, finally arrested her on the reckless driving charge.

In any criminal case, it is the duty of the Commonwealth to prove defendant guilty beyond a reasonable doubt. If there is a reasonable doubt, that doubt must be awarded to defendant.

In determining guilt or innocence of the offense charged, it is the duty of the Commonwealth to prove some degree of "intent" on the part of defendant. As stated in Commonwealth v. Myers, 80 D. & C. 220, 224 (1952):

"We believe the section of the code creating and

defining reckless driving requires some degree of 'intent' on the part of the defendant operator. To hold otherwise would render the words 'wilfully or wantonly' meaningless. We do not mean to say that the Commonwealth must go so far as to prove a 'specific' intent to operate recklessly. The wilful or wanton intent in the operation of a motor vehicle may in the proper case be inferred from proof of the recklessness of the acts themselves. But in this case where negligence is negatived by defendant's explanation of the reason for such operation and the officers' legal acceptance of such explanation. See Commonwealth v. Kemp, 72 D. & C. 141, 143; Commonwealth v. Albert, 68 D. & C. 276. Had defendant been arrested for speeding, improper passing, or some other kindred offense, intent would not have been material."

Commonwealth v. Raspa, 138 Pa. Superior Ct. 26 (1939), holds, inter alia, on a charge of reckless driving, the element of intent to so operate is a necessary element and the intent necessary for conviction may be supplied or inferred from reckless and wanton operation of a vehicle.

Defendant expressed a reasonable and logical explanation of her erratic driving at a slow rate of speed in that she was seeking a street on a dark night following a rain. The officers acknowledged there was no center line on Pennsylvania Avenue, East, on the date in question.

We cannot conclude the Commonwealth has shown by any evidence, either expressly or by inference, defendant was of a mental disposition to operate her vehicle in a careless or reckless manner. Certainly, there was no evidence of express or direct intent and the evidence falls far short of any wantonness or willfulness that could fairly conclude defendant was bent on endangering persons or property.

For these reasons, we find that the Commonwealth has failed in its burden and make the following

## ORDER

And now, to wit, July 11, 1973, defendant is found not guilty as charged, the appeal bond is released and costs on Warren County.

Exceptions to the Commonwealth.