COMMONWEALTH of Pennsylvania,
Appellee,

v.

Stephen Nelson NICHOLS, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 9, 1996.

Filed April 2, 1997.

Peter T. Campana, Williamsport, for appellant.

Merritt E. McKnight, District Attorney, Lock Haven, for Commonwealth, appellee.

Before HUDOCK and EAKIN, JJ., and CERCONE, President Judge Emeritus.

EAKIN, Judge.

Stephen Nelson Nichols appeals from the order of the Court of Common Pleas of Clinton County denying his motion for relief under the Post–Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* We affirm in part, vacate in part, and remand.

On June 8, 1991, Ronald Harter and Mark Larson went to appellant's house to retrieve debris that had fallen onto appellant's property from their truck. After the debris was removed, a fight ensued between appellant and Harter, which ceased when Larson inter- vened. Appellant returned to his house while Harter and Larson searched for their eyeglasses lost during the scuffle. Appellant reappeared with a baseball bat and ordered both men off his property; Larson said they would leave as soon as they found their glasses. In response, appellant said "you'll get your glasses," took the bat and struck Larson in the jaw near the bottom of his left ear. Harter and Larson fled, while appellant threw bricks at their departing vehicle. Harter suffered a broken nose, a broken ear drum and facial cuts. Larson's jaw was broken and was wired shut for six weeks, during which he was forced to eat through a straw.

Following a jury trial, appellant was found guilty of two counts of aggravated assault,[1] one count of reckless endangerment, one count of criminal mischief, and one count of simple assault. On December 18, 1992, appellant was sentenced to prison for forty-eight to ninety-six months on the count of aggravated assault, 18 Pa.C.S. § 2702(a)(1), plus restitution, a $500.00 fine and costs; no separate sentence was imposed for the conviction under section 2702(a)(4).[2]

Appellant filed a direct appeal; this court affirmed the judgments of sentence on December 3, 1993; our Supreme Court denied appellant's petition for allowance of appeal. On August 21, 1995, appellant filed a motion for PCRA relief, which was denied after an evidentiary hearing. This appeal followed.

Appellant claims (1) the evidence was insufficient to support his conviction under 18 Pa.C.S. § 2702(a)(1), (2) trial counsel was ineffective for failing to call character witnesses, (3) trial counsel was ineffective for failing to impeach Commonwealth witnesses, and (4) the trial court's instructions on aggravated assault were erroneous.

Appellant did not raise the claims of insufficient evidence and erroneous jury instructions in his direct appeal, but did properly raise them in his PCRA petition in the context of trial counsel's alleged ineffectiveness. However, these ineffectiveness claims are not

---

1. One count was for causing serious bodily injury to Larson under subsection (a)(1); the other was for causing bodily injury to Larson with a deadly weapon under subsection (a)(4).

2. On the charges of criminal mischief and simple assault, the court sentenced appellant probation, fines, and restitution. The court imposed no sentence on the charge of reckless endangerment.

set forth in appellant's brief in the statement of questions presented pursuant to Pa.R.A.P. 2116(a); they are tacked on the discussion of the substantive claims in the argument section of his brief and can be deemed waived. *Commonwealth v. Mercado,* 437 Pa.Super. 228, 250, 649 A.2d 946, 957 (1994) (when an appellant attempts to tack on claims of ineffective assistance of counsel without presenting them in the statement of questions presented, the ineffective assistance claims are waived); *Commonwealth v. Duden,* 326 Pa.Super. 73, 473 A.2d 614 (1984) (same).

■ Since the ineffectiveness claims are waived, so are the substantive claims, since we can only reach them through properly raised allegations of trial counsel's ineffectiveness. Nevertheless, we may address a waived claim lest it arises in a subsequent PCRA petition raising the ineffectiveness of all prior counsel. *See, e.g., Commonwealth v. Hackman,* 424 Pa.Super. 526, 529, 623 A.2d 350, 351 (1993); *Commonwealth v. Byrd,* 409 Pa.Super. 611, 613–16, 598 A.2d 1011, 1012–14 (1991); *accord Commonwealth v. Widmer,* —— Pa. ——, 689 A.2d 211 (1997) (although Widmer failed to file post-sentence motion, Court overlooked technical waiver of weight of the evidence claim where trial court addressed it, found it meritorious but lacked jurisdiction to act upon it). Thus, we will address appellant's first and fourth claims as well as the related ineffectiveness claims.

■ In any ineffectiveness claim, appellant must first demonstrate the underlying claim has arguable merit, that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate appellant's interest, and but for the act or omission in question, the outcome of the proceedings would have been different. *Commonwealth v. Travaglia,* 541 Pa. 108, 661 A.2d 352 (1995). Counsel is never ineffective for failing to raise a meritless claim. *Id.* at 120–21, 661 A.2d at 358.

■ When a challenge to the sufficiency of evidence is made, our task is to determine whether the evidence and all reasonable inferences therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to enable the fact finder to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Tapper,* 450 Pa.Super. 220, 675 A.2d 740 (1996).

■ A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under the circumstances manifesting extreme indifference to the value of human life. 18 Pa. C.S. § 2702(a)(1). Appellant claims the evidence failed to establish that victim Larson suffered "serious bodily injury," or that appellant possessed the requisite mental state.

■ "Serious bodily injury" is injury creating a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. 18 Pa.C.S. § 2301. Here, Larson's jaw was wired shut for six weeks during which he could only ingest through a straw. Suffering a broken jaw and being confined to a liquid diet constitutes impairment of the function of a bodily member. *See Commonwealth v. Cassidy,* 447 Pa.Super. 192, 200, 668 A.2d 1143, 1146 (1995), *alloc. denied,* 545 Pa. 660, 681 A.2d 176 (1996) (victim's wearing of removable braces on her wrist and back for two months comprised impairment of function of a bodily member).

■ Appellant's claim the evidence did not establish the requisite *mens rea* is without merit. A baseball bat, when swung at the head, can be a very deadly weapon,[3] and it is well settled the use of a deadly weapon on a vital part of the body is sufficient to establish a specific intent to kill. *Commonwealth v. Carbone,* 524 Pa. 551, 562, 574 A.2d

---

3. A "deadly weapon" is a "device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa. C.S. § 2301. Our Supreme Court has stated that a deadly weapon need not be inherently lethal.

*Commonwealth v. McCullum,* 529 Pa. 117, 602 A.2d 313 (1992). "An ax, a *baseball bat,* an iron bar, a heavy cuspidor, and even a bedroom slipper have been held to constitute deadly weapons under varying circumstances." *Id.* at 138, 602 A.2d at 323 (emphasis added).

584, 590 (1990). Clearly, a specific intent to cause serious bodily injury can be inferred from the same circumstances. *See Commonwealth v. Pandolfo,* 300 Pa.Super. 447, 451, 446 A.2d 939, 941 (1982) (blows to a portion of the body as vital as the head exhibited intent to inflict serious bodily injury).

■■■■ However, where the victim suffers serious bodily injury, the Commonwealth need not prove specific intent. *Commonwealth v. Hlatky,* 426 Pa.Super. 66, 626 A.2d 575 (1993), *alloc. denied,* 537 Pa. 663, 644 A.2d 1200 (1994); *Commonwealth v. Magnelli,* 348 Pa.Super. 345, 502 A.2d 241 (1985). The Commonwealth need only prove appellant acted recklessly under circumstances manifesting an extreme indifference to the value of human life. *Hlatky,* 426 Pa.Super. at 78, 626 A.2d at 581. "[F]or the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue." *Commonwealth v. O'Hanlon,* 539 Pa. 478, 482, 653 A.2d 616, 618 (1995); *Commonwealth v. Hickson,* 402 Pa.Super. 53, 586 A.2d 393 (1990), *alloc. denied,* 527 Pa. 663, 593 A.2d 838 (1991). Swinging a bat into a person's head is just such a life-threatening circumstance. *O'Hanlon,* 539 Pa. at 482, 653 A.2d at 618. As the evidence was sufficient to prove at the very least the degree of recklessness required under 18 Pa.C.S. § 2702, trial counsel was not ineffective for failing on appeal to challenge the sufficiency of the evidence.

■■■■ Appellant next claims trial counsel was ineffective for not calling character witnesses. While counsel can be found ineffective for failing to call character witnesses (*see Commonwealth v. Weiss,* 530 Pa. 1, 606 A.2d 439 (1992)), appellant has failed to set forth an offer sufficient to allow this court to conclude counsel may have been ineffective.

■■■■ To prevail on this claim, appellant must demonstrate (1) the witness existed, (2) the witness was available, (3) counsel knew or should have known about the witness, (4) the witness was prepared to cooperate and testify at trial, and (5) the absence of the testimony prejudiced appellant. *Common-*

*wealth v. Smolko,* 446 Pa.Super. 156, 171, 666 A.2d 672, 679 (1995).

At the post-conviction hearing, appellant indicated he was able to produce numerous witnesses who could attest to his good character. Trial counsel testified he did, in fact, consider the possibility of presenting character witnesses, but decided they were not necessary since appellant presented himself as an honest and truthful person. Furthermore, counsel testified he did not want to "open a can of worms" by presenting character witnesses, i.e., allow the Commonwealth an opportunity to present evidence of appellant's bad character. Indeed, the verdict demonstrates counsel's strategy was correct. After listening to appellant's testimony, the jury acquitted him on those charges necessarily requiring a finding of intent and in which character was an issue. Clearly, the absence of character testimony did not prejudice appellant. Trial counsel's decision not to present character witnesses was a reasonable and apparently effective strategy and does not constitute ineffectiveness.

■■■■ Appellant also complains of trial counsel's failure to cross-examine Commonwealth witnesses so as to establish interest or bias arising from their related civil action against appellant. At the evidentiary hearing, trial counsel testified that he felt introducing evidence of the civil case would "give some aura of credibility to the victims." We find counsel had a reasonable basis for not discussing the lawsuit with the victims, as it would have demonstrated the sincerity of their cause. Moreover, the facts were not the primary focus of the trial; the defense stressed appellant's non-criminal state of mind, an issue unaffected by any potential bias shown by the civil action. As noted, the jury credited appellant's testimony and found he did not intend to cause the victim's injuries. Appellant shows us no prejudice from counsel's decision not to mention the pending civil case; as such, counsel cannot be found ineffective.

■■■■ Appellant lastly contends the trial court's instructions on the charges of aggravated assault in violation of 18 Pa.C.S. §§ 2702(a)(1) and 2702(a)(4) were erroneous.

The standard of reviewing trial court instructions to the jury is well settled:

> When reviewing jury instructions for reversible error, an appellate court must read and consider the charge as a whole. We will uphold an instruction if it adequately and accurately reflects the law and is sufficient to guide the jury through its deliberations. Error will not be predicated on isolated excerpts. Instead, it is the general effect of the charge that controls. An erroneous charge warrants the grant of a new trial unless the reviewing court is convinced beyond a reasonable doubt that the error is harmless.

*Commonwealth v. Clark*, 453 Pa.Super. 257, 263, 683 A.2d 901, 904 (1996).

The trial court instructed the jury on the elements of aggravated assault pursuant to section 2702(a)(1) as follows:

> The second alternative focuses on actually causing serious bodily injury. If you find that Defendant caused serious bodily injury, then you must be satisfied that, in so doing, he acted intentionally, knowingly, and recklessly. A person acts intentionally, with respect to serious bodily injury, when it is his conscious object or purpose to cause such an injury. A person acts knowingly, with respect to serious bodily injury, when he is aware that it is practically certain that his conduct will cause such a result. *A person acts recklessly, with respect to serious bodily injury, when he consciously disregards a substantial and unjustifiable risk that serious bodily injury will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the defendant's conduct and the circum-*

*stances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the defendant's situation.*

> If, after considering all of the evidence, you find that the Commonwealth has established each of these elements beyond a reasonable doubt ... then you should find the Defendant guilty ... Otherwise, you must find him not guilty under that count.

N.T., 3/17/92, at 147–48 (emphasis added).

■■■■ The trial court, by giving these instructions, failed to accurately apprise the jury of the correct law.[4] It is well settled that malice must be present to sustain a conviction for aggravated assault. *Commonwealth v. Fierst*, 423 Pa.Super. 232, 245, 620 A.2d 1196, 1203 (1993); *Hickson, supra; Commonwealth v. Ireland*, 149 Pa.Super. 298, 27 A.2d 746 (1942). Furthermore, "[w]here malice is based on the recklessness of consequences, it is not sufficient to show mere recklessness as codified at 18 Pa.C.S.A. § 302(b)(3); but rather, it must be shown that the defendant consciously disregarded an *unjustified and extremely high risk* that his actions might cause death or serious bodily harm." *Fierst*, 423 Pa.Super. at 245, 620 A.2d at 1203 (emphasis added); *In Interest of Smith*, 396 Pa.Super. 624, 579 A.2d 889 (1990), *alloc. denied*, 527 Pa. 610, 590 A.2d 296 (1991).

That is, the phrase "under circumstances manifesting extreme indifference to the value of human life" modifies "recklessly" such that reckless conduct not circumstantially manifesting such indifference will not support an aggravated assault conviction under this subsection.[5] The jury was not so instructed.

---

4. We note that while this instruction tracked the Standard Jury Instructions, the Instructions are not conclusive, but are merely a guide. *Clark*, 453 Pa.Super. at 268–70, 683 A.2d at 907. We have approved a trial court's reliance on standard instructions when those instructions complied with precedent. *Id.* We further acknowledge that counsel cannot be found ineffective for failing to predict a change in the law. *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). However, as our discussion, *infra*, indicates, recklessness under 18 Pa.C.S. § 2702(a)(1) is more than the recklessness defined in 18 Pa.C.S. § 302(b)(3). This proposition predates the instant case, and neither trial coun-

sel nor the trial court could rely on the standard jury instruction as conclusive. *Clark, supra.* Furthermore, we do not announce a change from existing law that would be inapplicable to a defendant seeking post-conviction collateral relief.

5. This phrase does not modify "intentionally" or "knowingly," as intentionally or knowingly causing or attempting to cause serious bodily injury is sufficient to establish malice. The recklessness defined in 18 Pa.C.S. § 302(b)(3) does not establish the malice required to convict under 18 Pa.C.S. § 2702(a)(1). *O'Hanlon, infra; Hickson, supra.*

Here, the court told the jury "if you find that the defendant caused serious bodily injury, then you must be satisfied that, in doing so, he acted intentionally, knowingly or recklessly," but failed to add the language "under circumstances manifesting an extreme indifference to the value of human life" as required for conviction under section 2702(a)(1). Instead, the court instructed the jury that

> a person acts recklessly with respect to serious bodily injury when he consciously disregards a substantial and unjustifiable risk that serious bodily injury will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the defendant's conduct and the circumstances known to him, in this regard involves a gross deviation from the standard of conduct that a reasonable person would observe in the defendant's situation.

N.T., 3/17/92, at 147.

■ This definition of recklessness mirrors that found in 18 Pa.C.S. § 302(b)(3), rather than the recklessness "under circumstances manifesting extreme indifference to the value of human life" that gives rise to the malice required for aggravated assault. "Mere recklessness" is insufficient to support a conviction for aggravated assault because the statute requires a higher degree of culpability, i.e., that which disregards the threat posed to human life by the offending conduct. *O'Hanlon,* 539 Pa. at 482, 653 A.2d at 618. The *O'Hanlon* Court stated there must be "an element of deliberation or conscious disregard of danger" not present to the same extent in such misdemeanors as reckless endangerment:

> [F]or the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue. The recklessness must, therefore, be such that life threatening injury is essentially certain to occur. *This state of mind is, accordingly, equivalent to that which seeks to cause injury.*

*Id.* (emphasis added) (citing as examples *Commonwealth v. Daniels,* 467 Pa. 35, 354 A.2d 538 (1976); *Commonwealth v. Laing,* 310 Pa.Super. 105, 456 A.2d 204 (1983)).

It is reasonable to conclude the jury did in fact premise its conviction of aggravated assault under section 2702(a)(1) upon a finding of recklessness. The jury acquitted appellant on the charges of attempted homicide and attempting to cause serious bodily injury, but found him guilty of causing serious bodily injury under subsection (a)(1). One can only infer the jury did not find appellant specifically intended to seriously harm the victim, but rather, that he acted recklessly. The trial court's instruction, however, permitted the jury to convict appellant for aggravated assault upon on a showing of *mere* recklessness. As such, the trial court's instruction to the jury for aggravated assault pursuant to section 2702(a)(1) was deficient, and trial counsel could have had no reasonable basis for failing to object to the erroneous charge. A new trial on that charge is warranted. *See Ireland,* 149 Pa.Super. at 301, 27 A.2d at 747 (trial judge must charge the jury that, in order to find defendant guilty of "aggravated assault and battery," they must find malice).

■ Appellant also contends the trial court erred in instructing the jury on the charge of aggravated assault pursuant to section 2702(a)(4).[6] The trial judge instructed the jury as follows:

> In order to find the defendant guilty of aggravated assault under this section, you must find that each of the following two elements of the crime have been established beyond a reasonable doubt.
> First, that the defendant attempted to cause or caused bodily injury to Mark Steven Larson. In order to find that the defendant attempted to do this, you must find that he engaged in conduct which constituted a substantial step towards causing bodily injury ... and that his conduct in this regard was intentional or, in other words, that it was his conscious object to cause such injury. Also, it stands to reason, *if you find beyond a reasonable*

---

**6.** Under section 2702(a)(4), a person is guilty of aggravated assault if he attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

*doubt that defendant caused the bodily injury, then the requirement of this element has been met.*

Second, that the defendant used a deadly weapon in the attempt. A deadly weapon . . .

N.T., 3/17/92, at 148–49 (emphasis added).

The suggested instructions on this offense are found in the Pennsylvania Standard Jury Instructions as follows:

> In order to find the defendant guilty of aggravated assault, you must find that each of the elements of the crime has been established beyond a reasonable doubt. There are three elements:
>
> 1. That the defendant caused bodily injury to another.
>
> 2. That the defendant acted *intentionally or knowingly.* A person acts intentionally with respect to bodily injury when it is his conscious object or purpose to cause such injury. A person acts knowingly with respect to bodily injury when he is aware that it is practically certain that his conduct will cause such a result.
>
> 3. That the defendant caused such injury with a deadly weapon.

Pa.S.S.J.I. (Crim) § 15.2702E (emphasis added).

In the present case, the jury found appellant guilty of causing bodily injury with a deadly weapon. However, the court's instructions again failed to reflect the law accurately and were insufficient to guide the jurors through their deliberations. Specifically, the trial court failed to instruct the jury that if appellant caused bodily injury, he must have done so *intentionally or knowingly.* Rather, the trial court told the jury "if you find beyond a reasonable doubt that the defendant caused the bodily injury, then the requirement of this element [intentional conduct] has been met." This instruction told the jury it could conclude that if appellant used a deadly weapon and caused bodily injury, he had the requisite state of mind, *without* a specific jury finding of either intentional *or* knowing conduct. Again, we find trial counsel could have had no reasonable basis for failing to object to this charge;

appellant is entitled to a new trial on the charge of aggravated assault under section 2702(a)(4) as well.

Accordingly, we conclude that the court erred in denying appellant's PCRA petition based on his convictions for aggravated assault. For the foregoing reasons, we vacate the judgment of sentence for aggravated assault under 18 Pa.C.S. § 2702(a)(1), vacate the conviction for aggravated assault under 18 Pa.C.S. § 2702(a)(4) and remand for a new trial on both counts; we affirm the judgments of sentence on the remaining counts.

Order reversed; judgment of sentence affirmed in part, vacated in part; case remanded for further proceedings. Jurisdiction relinquished.