J-S13041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.B., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1630 EDA 2020 |

Appeal from the Dispositional Order Entered July 27, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-JV-0000088-2020

BEFORE:  OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 09, 2021**

S.B. appeals from the dispositional order entered in the Court of Common Pleas of Northampton County (trial court) that adjudicated him delinquent of aggravated assault and related charges.[1]  S.B. challenges the sufficiency of the evidence to support the *mens rea* required for aggravated assault.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a) (Aggravated Assault), 2701(a)(1) (Simple Assault) and 2705 (Recklessly Endangering of Another Person (REAP))

**I.**

The parties do not dispute the underlying factual and procedural histories in this matter, which we take from our independent review of the record and the trial court's October 19, 2020 opinion.

On February 11, 2020, the Northampton County District Attorney filed allegations of Simple Assault and REAP against S.B. for an incident in which he twice threw a hard object causing injuries to the eye of the victim, A.W. After further investigation revealed the serious nature of the injury, the District Attorney added the charge of aggravated assault.

At the July 27, 2020 adjudicatory hearing, Lower Saucon Township High School students K.P. and A.W. testified that on February 8, 2020, at approximately 3:20 p.m., they were walking down the school's crowded hallway toward the busses when a hard "ball-like" object hit K.P. in her upper back near her neck causing her to lunge forward. A.W. described the contact as making a thud and thought at the time that it was a hard lacrosse ball (counsel clarified that it was hardened modeling clay). S.B. reacted by picking up the object, smiling and laughing. As K.P. and A.W. continued down the hall, the young women repeatedly glanced behind them to see who had thrown the object. A second hard ball-like object then struck A.W. directly in her eye, bounced off her and hit K.P. in the shoulder. A.W. immediately started screaming. She described the incident as "the most excruciating pain I ever felt in my entire life. … I didn't think I could open [my eye]. It [] felt like it

was pushed into the back of my head. I didn't think my eye was in the right place." (N.T. Hearing, 7/27/20, at 21-22). Video surveillance showed S.B. "winding up" before forcefully throwing the object at the two unsuspecting students and walking away without any apparent concern after the second throw struck A.W. A.W. held onto K.P. who guided her to a teacher and then the school nurse. A.W.'s mother took her to a Philadelphia eye specialist. As a result of the incident, A.W. is now partially blind in that eye, having lost depth perception and eighty percent of her vision. Neither student knew S.B. Videotape footage from the school corroborated the young women's testimony. (*See id.* at 1-24). Lower Saucon Township Police Officer Steve Kunigus testified that although at the time of the occurrence police only charged S.B. with Simple Assault, when the ongoing investigation revealed the seriousness of the injury, they added the aggravated assault charge. (*See id.* at 29).

At the conclusion of the testimony, S.B.'s counsel represented that S.B. was not disputing that he threw the object and stipulated that it caused serious bodily injury to A.W. (*See id.* at 26-27). However, counsel argued that the Commonwealth failed to establish that the circumstances manifested an extreme indifference to the value of human life as required for an aggravated assault conviction. (*See id.*).

In adjudicating S.B. delinquent of all charges, the court made the following findings:

First of all, I found … both female student witnesses[] to be credible. I also make a finding that based upon the video, it was obvious that this was a crowded hallway.

I also make a finding, based upon the testimony, that not only was the object thrown at head-level height, it was apparently aimed. The first witness testified that she was struck near the shoulder area. And I made a finding that these two young ladies kept turning around, and that is something I was thinking about when I was hearing the testimony.

It's reasonable for me to conclude that he saw them turning around and still threw the object again, and I made a finding that it was a hard enough object that the elements for aggravated assault are met and they are met beyond a reasonable doubt. …

(*Id.* at 36).

On July 31, 2020, the court entered a dispositional order adjudicating S.B. delinquent of all charges. He timely appealed and he and the court have complied with Rule 1925. *See* Pa.R.A.P. 1925.

**II.**

S.B. admits that his actions were inexcusable. He argues, however, that despite the seriousness of A.W.'s injury, the court erred in adjudicating him delinquent of aggravated assault because the evidence was insufficient to establish the required *mens rea*.[2] Specifically, he claims "(a) aggravated

_____

[2] It is well-established that:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond

*(Footnote Continued Next Page)*

assault is the functional equivalent of murder in which for some reason death fails to occur (b) [it] requires a showing of 'malice' equal to that for third-degree murder and (c) S.B.'s conduct in twice throwing a hard object down a school hallway was insufficiently egregious to sustain a conviction for the offense[.]" (S.B.'s Brief, at 4). Instead, he argues that he only should have been found guilty of the second-degree misdemeanor offenses of Simple Assault and REAP, which provide that a person is guilty if he "intentionally, knowingly or recklessly causes bodily injury to another[]" and if "he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. §§ 2701(a)(1), 2705.

---

a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011).

Section 2702(a) of the Crimes Code provides, in pertinent part, "[a] person is guilty of aggravated assault if he … attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). "Serious bodily injury" is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Where the victim suffers serious bodily injury, the Commonwealth is not required to prove the defendant acted with the specific intent to cause the victim's injuries, although using a deadly weapon on a vital part of the victim's body would establish such intent. **See Commonwealth v. Nichols**, 692 A.2d 181, 185 (Pa.Super. 1997).

> To prevail on a theory of recklessness in a prosecution for aggravated assault, the Commonwealth must show that the assailant's recklessness rose to the level of malice, a crucial element of aggravated assault. The malice that is required for aggravated assault is the same as that required for third degree murder. Malice consists of a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured.

**Commonwealth v. Miller**, 955 A.2d 419, 422 (Pa. Super. 2008) (citations and quotation marks omitted). The Commonwealth must show "the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm. This state of mind may be inferred

from conduct, recklessness of consequences, or the cruelty of the crime."
***Commonwealth. v. Payne***, 868 A.2d 1257, 1261 (Pa. Super. 2005), *appeal denied*, 877 A.2d 461 (Pa. 2005) (internal citations and quotation marks omitted).

S.B. argues that the Commonwealth failed to establish malice because his actions in throwing a piece of hardened clay down the hallway was not the functional equivalent of attempted murder in which, for some reason, death fails to occur. Although he admits that a deadly weapon "need not be inherently lethal, and items such as a baseball bat, an axe, an iron bar, a heavy cuspidor, and even a bedroom slipper have been deemed 'deadly weapons' under varying circumstances[,]" he maintains that because the piece of clay that he threw was not inherently dangerous, it reflects a reduced level of culpability. (S.B.'s Brief, at 17). He posits that throwing a piece of clay is not the same as an individual "firing a gun into a crowd" or "driving a car into the crowd," and that his actions failed to establish a sustained course of conduct. (***Id.*** at 17) (citing Trial Ct. Op., at 5); (***see also id.*** at 16-19).

A.W. credibly testified that before she was struck, she observed that the force with which K.P. was hit in the back by the first piece of hardened clay caused her to lunge forward. Video evidence depicted S.B. "winding up" and laughing after the first strike before aiming another projectile at the young women's heads and throwing it with enough force that when it hit A.W. in the eye, she experienced the most excruciating pain she had ever felt, with her

eye feeling like it was out of its socket and pushed back into her head. (**See** N.T. Hearing, 7/27/20, at 21-22). As a result of the assault, she suffers permanent near total blindness in the struck eye. It was for the court, as fact-finder, to resolve any doubts regarding S.B.'s guilt where the undisputed evidence was not so weak and inconclusive that as a matter of law, no probability of fact could be drawn from the combined circumstances. **See Hansley**, **supra** at 416. Under the circumstances of this case, the hardened piece of clay was used as a deadly weapon that caused serious bodily injury. It is reasonable to conclude that had it struck a different part of A.W.'s head, it could have resulted in death.

Similar singular blows to the head with resulting serious bodily injury have been found sufficient to establish aggravated assault. For example, this Court has found one surprise sucker punch to a victim's head that caused him to fall and hit his head on the sidewalk, resulting in brain trauma, was sufficient to support a finding of the reckless indifference required to support an aggravated assault charge. **See Commonwealth v. Patrick**, 933 A.2d 1043, 1047 (Pa. Super. 2007), *appeal denied*, 940 A.2d 364 (Pa. 2007). Evidence also was sufficient to support a finding that a juvenile acted recklessly with extreme indifference to human life when he punched a victim who was not facing him with enough force to break the victim's jaw and render him unconscious. **See Interest of N.A.D.**, 205 A.3d 1237, 1240 (Pa. Super.

2019); ***see also Commonwealth v. Burton***, 2 A.3d 598 (Pa. Super. 2010) (evidence of one punch to head sufficient to establish aggravated assault).[3]

Accordingly, when viewed in the light most favorable to the Commonwealth as verdict winner, the trial court properly found that the evidence was sufficient to establish the malice required to convict S.B. of aggravated assault. ***See Miller***, ***supra*** at 422; ***Payne, supra*** at 1261; ***Nichols, supra*** at 185; 18 Pa.C.S. § 2702(a)(1).

Dispositional order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/9/2021*

---

[3] Neither are we persuaded by S.B.'s argument that the Commonwealth's discovery of the serious nature of A.W.'s injury did not support adding the aggravated assault charge. As explained above, serious bodily injury is an element of aggravated assault, and Officer Kunigus testified the Commonwealth did not include the charge until the investigation disclosed that this element could be met.