J. S57010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEREMIAH BROWER, | : | No. 1132 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 4, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0008604-2014


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED OCTOBER 12, 2016**

Jeremiah Brower appeals the judgment of sentence in which the Court of Common Pleas of Allegheny County sentenced him to serve a term of seven to fourteen years' imprisonment for aggravated assault, serious bodily injury.[1]

The facts as recounted by the trial court are as follows:

> Briefly, the evidence presented at trial established that on June 8, 2013, Alfonzo Brower ([appellant's] brother) and his wife were at his mother's house for a visit. During the visit, Brower's mother began to cook hot sausage with green peppers and onions for them. At some point thereafter, [appellant] came into his mother's house and screamed at Alfonzo over some money Alfonzo owed him. [Appellant] said he was going to "beat

---

\* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(1).

[Alfonzo's] ass" and swung at Alfonzo. Alfonzo pushed [appellant] backwards into the refrigerator and at that point, [appellant] reached over and poured the contents of the frying pan onto Alfonzo. Alfonzo suffered severe burns to his head, face, chest, shoulder, arm, and wrist. Additionally, Alfonzo's wife was splashed with some of the hot oil and sustained minor burns to her hand. Alfonzo has permanent scarring and discoloration and continues to suffer pain and sensitivity in the burned areas as a result.

Trial court opinion, 1/14/16 at 2-3.

In a non-jury trial, the trial court found appellant guilty of aggravated assault, the crime for which he was sentenced.

Appellant filed a post-sentence motion that challenged the sufficiency and weight of the evidence. He also moved for reconsideration of his sentence on the basis that the trial court ignored the facts and circumstances of the crime and appellant's personal background. Appellant also filed a supplemental post-sentence motion. The trial court denied the motions by order dated June 26, 2015.

Appellant raises the following issues for this court's review:

> I.  WAS THE EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO CONVICT [APPELLANT] OF AGGRAVATED ASSAULT WHERE THE COMMONWEALTH FAILED TO PRESENT EVIDENCE THAT [APPELLANT] ACTED RECKLESSLY UNDER CIRCUMSTANCES MANIFESTING EXTREME INDIFFERENCE TO THE VALUE OF HUMAN LIFE?
>
> II. WHERE THE COMMONWEALTH SOUGHT ONLY A STANDARD RANGE SENTENCE, DID THE TRIAL COURT ABUSE ITS DISCRETION AT

SENTENCING BY IMPERMISSIBLY RELYING ON [APPELLANT'S] PRIOR CRIMINAL HISTORY AS ITS BASIS FOR IMPOSING AN AGGRAVATED RANGE SENTENCE OF TOTAL CONFINEMENT AND BY FAILING TO CONSIDER NUMEROUS MITIGATING FACTORS THAT WEIGHED AGAINST THE IMPOSITION OF AN AGGRAVATED RANGE SENTENCE?

Appellant's brief at 5.

Initially, appellant contends that the evidence presented by the Commonwealth was insufficient to establish that appellant was guilty of aggravated assault.

A claim challenging the sufficiency of the evidence is a question of law. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:

Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. *Commonwealth v. Karkaria*, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana*, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v.*

> ***Chambers***, 528 Pa. 558, 599 A.2d 630 (1991).

> ***Id.*** at 319, 744 A.2d at 751.

***Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006).

A person will be found guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). The term "serious bodily injury" is defined by statute as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Where the victim suffers serious bodily injury, the Commonwealth is not required to prove specific intent. ***Commonwealth v. Nichols***, 692 A.2d 181, 185 (Pa.Super. 1997). Instead, the Commonwealth must establish that the defendant acted recklessly under circumstances that manifested an extreme indifference to the value of human life. ***Id.*** In order to prevail on a theory of recklessness, the Commonwealth must prove that the defendant acted with malice. ***Commonwealth v. Bruce***, 916 A.2d 657 (Pa.Super. 2007).

> Malice exists where there is a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." ***Commonwealth v. Pigg***, 391 Pa.Super.

418, 571 A.2d 438, 441 (1990), *appeal denied*, 525 Pa. 406, 581 A.2d 565 (1990) (quoting *Commonwealth v. Drum*, 58 Pa. 9, 15 (1868). Where malice is based on a reckless disregard of consequences, it is not sufficient to show mere recklessness; rather, it must be shown the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury. *See Commonwealth v. Scales*, 437 Pa.Super. 14, 648 A.2d 1205, 1207 (1994), *appeal denied*, 540 Pa. 640, 659 A.2d 559 (1995) (regarding third degree murder). A defendant must display a conscious disregard for almost certain death or injury such that it is tantamount to an actual desire to injure or kill; at the very least, the conduct must be such that one could reasonably anticipate death or serious bodily injury would likely and logically result. *See [Commonwealth v.] O'Hanlon*, . . . [539 Pa. 478,] 653 A.2d [616] at 618 [(1995)] (regarding aggravated assault).

[*Commonwealth v.*] *King*, 731 A.2d [145] at 147-148 [(Pa.Super. 1999)].

*Bruce*, 916 A.2d at 664.

Here, the record reflects that when appellant appeared at his mother's house and saw his brother, Alfonzo Brower ("the victim"), appellant said, "I want my f***in' money, I'm about to beat your ass." (Notes of testimony, 12/3/14 at 7.) The victim testified that appellant then swung at him and missed. The victim then pushed appellant back into the refrigerator. As appellant kept swinging, the victim attempted to protect himself and push

away from appellant. Appellant took the pan which contained hot sausage, onions, and peppers and was cooking on the stove and poured the contents on the victim. The victim suffered severe burns to his chest, shoulder, arm, wrist, face, and head. (**Id.** at 10.)

The victim's wife, Tamika Brower, testified that appellant "picked the pot up with the right hand and dumped it on my husband's head. . . . It (the pot) was on the stove boiling. It had hot sausage, onions, peppers." (**Id.** at 24.)

The fact that the victim suffered severe burns which resulted in permanent scarring and discoloration and for which he still experiences pain establishes that there was a serious bodily injury. The action of grabbing a boiling pot from a stove and dumping the contents on another could and did cause a serious bodily injury. This court agrees with the trial court that there was sufficient evidence to support a conviction for aggravated assault.

Appellant next contends that the trial court abused its discretion when it imposed an aggravated range sentence based on appellant's prior criminal history and when it failed to consider mitigating factors against the imposition of an aggravated range sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice,

bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, appellant raises two issues that challenge his sentence: 1) the trial court abused its discretion when it impermissibly relied on appellant's prior criminal history as a basis for imposing an aggravated range sentence and 2) the trial court abused its discretion when it failed to consider any mitigating factors that weighed against the imposition of an aggravated range sentence. In his original post-sentence motion, appellant contended:

- The sentence imposed was unjust, unreasonable, and manifestly excessive. The sentence impose[d] was also contrary to the Sentencing Code, 42 Pa.C.S.A. §§ 9701-9909, and the fundamental norms underlying the sentencing process.

- The trial court failed to consider and apply all the required factors under 42 Pa.C.S.A. § 9721 (Sentencing Generally) and 42 Pa.C.S.A. § 9781 (Appellate Review of Sentence). The trial court did not adequately consider [appellant's] character and/or his need for rehabilitation. Thus, the sentence imposed was based on improper factors and/or not based on all relevant and proper factors.

- The sentencing decision was based solely on the nature and facts of the case and the seriousness of the crime.

- The trial court failed to put adequate reasons on the record to justify the sentencing decision.

Post–Sentence Motion; Motion for Leave to File Supplemental Post-Sentence Motions; Motions for an Extension of Time to Decide All of the Post-Sentence Motions; and Motion for the Immediate Production of the Transcripts, 2/4/15 ¶ 14 at 3-4.

In the Supplemental Post-Sentence Motion, Motion to Reconsider Sentence, appellant contended:

> 17. [Appellant] avers that this Honorable Court abused its sentencing discretion. This Honorable Court failed to follow the general principles of sentencing consisting [sic] with the rehabilitative needs of [appellant], protection of the public, and impact on the life of the victim and on the community.
>
> 18. Specifically, this Honorable Court overlooked pertinent facts, such as the facts and circumstances of the crime and the specific, personal background of [appellant]. [Appellant] avers that this Honorable Court ignored the character and background of [appellant]. For instance:
>
> > a. The incident that resulted in the injuries to [appellant's] brother was a family fight, which unfortunately escalated after [appellant's] brother initiated physical contact.
> >
> > b. [Appellant] did not go out looking to hurt anyone.
> > c. [Appellant] has a history of mental health issues, which this Honorable Court did not consider when initiating [appellant's] sentence.

> d. [Appellant] apologized to his brother in court, and showed remorse for his actions.
>
> 19. Moreover, this Honorable Court did not consider any mitigating evidence when sentencing [appellant] to the top end of the aggravating [sic] range.

Supplemental Post-Sentence Motion, 6/25/15 ¶¶ 17-19 at 4-5.

With regard to the first issue, the Commonwealth argues that appellant did not properly preserve this issue in his post-sentence motions. After a review of the post-sentence motion and supplemental post-sentence motion, this court agrees that appellant failed to preserve the issue of whether the trial court abused its discretion when it impermissibly relied on appellant's prior criminal history as a basis for imposing an aggravated range sentence. Therefore, this court determines that this issue was waived. However, appellant did preserve the second issue in his post-sentence motions.

Third, appellant included a Rule 2119(f) statement in his brief in which he avers that "the trial court abused its sentencing discretion because, in essence, it failed to consider relevant and mandatory sentencing criteria, including his character, personal history, and rehabilitative needs." (Appellant's brief at 27.)

A substantial question is only raised on a sentence within the guidelines when there are circumstances in which "the application of the sentencing guidelines would be clearly unreasonable." ***Commonwealth v.***

- 10 -

***Dodge***, 77 A.3d 1263, 1270 (Pa.Super. 2013), ***appeal denied***, 91 A.3d 161

(Pa. 2014), quoting 42 Pa.C.S.A. § 9781(c)(2).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. ***Commonwealth v. Tuladziecki***, 513 Pa. 508, 522 A.2d 17 (1987). Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

***Dodge***, 77 A.3d at 1270.

Here, appellant alleges that the trial court failed to consider his history, characteristics, and mitigating circumstances. This court has held that where an appellant alleges that the sentencing court erred when it imposed an aggravated range sentence without consideration of mitigating circumstances, a substantial question is raised. ***Commonwealth v. Hyland***, 875 A.2d 1175 (Pa.Super. 2005), ***appeal denied***, 890 A.2d 1057 (Pa. 2005). We, therefore, will address his appeal on the merits.

Specifically, appellant asserts that the trial court failed to acknowledge his longstanding mental health issues, the fact that the victim's injuries were the result of a physical altercation between two willing participants and stemmed from a familial dispute, appellant did not use a weapon in the "traditional sense of the word," and appellant expressed remorse for his actions.

At the sentencing hearing, the trial court explained its sentencing decision:

> Mr. Brower, I find that you did cause permanent and serious injuries to your brother by throwing a hot pan with grease on it at him. He is to this day still suffering from wounds that you gave to him.
>
> Your criminal history record is abysmal. Starting at the age of 15 almost all of your convictions involve assaultive behavior.
>
> You have done two years in the state for indecent assault and threatening to kill your girlfriend and you committed this offense that you are charged with while you were on probation and you have a detainer lodged against you and you have had a number of PFAs for threatening to kill your mother and your father as well as your girlfriend.
>
> You have never done well while you were on probation, you were in technical noncompliance, and you continue to use drugs and you continue to commit crimes.
>
> I did not list all of the crimes in your past, but I listed enough so that I am able to conclude that you are not a candidate for rehabilitation.
>
> I find that your actions are aggravating and I order you to pay the costs and serve 84 to 168 months in the state correctional institution with credit for the time that you have served in jail.

Notes of testimony, 3/4/15 at 5-6.

In its subsequent opinion, the trial court further explained its decision:

> As the record reflects, this Court appropriately read and considered the pre-sentence investigation report, considered the factors and severity of the

present offense, evaluated [appellant's] potential for rehabilitation and imposed a sentence which took all of these factors into consideration. The sentence imposed was an aggravated range sentence, but it was within the statutory maximum and was, therefore, legal. Moreover, the sentence was clearly appropriate, given the facts of this case and the extensive injuries which resulted. [Appellant's] unhappiness with the length of his sentence does not mean it is excessive or otherwise inappropriate. This claim must fail.

Trial court opinion, 1/14/16 at 7.

Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors).

*Moury*, 992 A.2d at 171.

The trial court stated on the record that it had received the presentence investigation report. Because the trial court reviewed appellant's PSI, it is presumed that the trial court was aware of appellant's rehabilitative needs as well as any other mitigating factors. *Devers*. Further, appellant's contention that the victim's injuries were the result of a physical altercation between two willing participants is belied by the record. Similarly, he did not use a weapon in the sense of using a gun or a knife but,

as the trial court stated, "you can't take a gun to a knife fight and you can't take hot sausage that is boiling on the stove to a tussle." (Notes of testimony, 12/3/14 at 45.)

With respect to the fact that the injuries resulted from a family dispute and that appellant expressed remorse, these factors were brought before the trial court at the sentencing hearing. The trial court considered these factors but concluded that an aggravated sentence was needed because of appellant's past criminal behavior, the severity of the crime itself, his failed efforts at rehabilitation, and the need to protect the public. If a defendant does not approve of the manner in which the trial court weighed his rehabilitative potential, it does not mean that the sentence was unreasonable and an abuse of discretion. ***Commonwealth v. Marts***, 889 A.2d 608, 615 (Pa.Super. 2005).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016

- 14 -