**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| SCOTT FITZGERALD | : | |
| Appellant | : | No. 2485 EDA 2018 |

Appeal from the PCRA Order Entered July 18, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001789-2015

BEFORE:   BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED JULY 26, 2019**

Appellant, Scott Fitzgerald, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. § 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.

> On September 28, 2014, at around 12:50 a.m., [Victim] was in a bar in the train station called the Field House with a group of friends.  [Appellant's] companion, later identified as Thomas Quinn, and [Victim's] friend, Anthony Procopio, got into a confrontation regarding [Mr. Quinn's] actions towards [Mr.] Procopio's girlfriend, Ashley Fanelli.  [Mr.] Quinn hit [Mr.] Procopio in the jaw.  [Victim] stepped toward [Mr. Procopio] when [Victim] saw [Mr. Procopio's] head go back and his glasses fly off.  [Victim] stepped in front of [Mr. Procopio], to get between him and [Mr.] Quinn, at which time [Victim] was struck by [Appellant] and everything went black for [Victim].  [Victim] fell straight back and hit his head on the floor.  [Victim] was briefly in and out of consciousness, regaining full consciousness in a hospital

---

\*   Retired Senior Judge assigned to the Superior Court.

room. No one in [Victim's] group struck [Appellant] or [Mr.] Quinn. [Appellant] was substantially larger than [Victim].

[Victim's] friends called 911 and the police and [EMTs] responded.

[Victim] testified that he had a concussion, a fractured nose, a sprained neck and a large cut on the back of his head for which he received sutures, that his balance was off for several days leaving him unable to walk, that he wore a neck brace and that he suffered some short term memory loss and loss of coordination. [Victim] was in the hospital for two days and was out of work for three weeks. The medical records demonstrated that [Victim] also suffered from a subarachnoid hemorrhage, frontal lobe contusions, posterior scalp laceration, concussion, cervical sprain and nasal bone fracture. [Victim] received four sutures for the scalp laceration.

(Trial Court Opinion, filed March 6, 2017, at 2) (internal citations omitted).

Following a bifurcated waiver trial, the court convicted Appellant on April 29, 2016, of one count each of aggravated assault, simple assault, and recklessly endangering another person ("REAP"). On August 16, 2016, the court sentenced Appellant to 11½ to 23 months' incarceration plus 8 years' probation; the court immediately paroled Appellant to house arrest. Appellant retained new counsel, who filed a post-sentence motion on August 26, 2016. On November 23, 2016, the court denied Appellant's post-sentence motion. Appellant timely filed a notice of appeal on December 19, 2016, however, on the advice of counsel, Appellant discontinued his appeal on May 1, 2017.

On October 11, 2017, Appellant timely filed a counseled PCRA petition. Appellant filed an amended PCRA petition on June 4, 2018, which alleged ineffective assistance of trial counsel, based on counsel's failure to hire an

expert to establish Victim had a pre-existing brain injury, to rebut that Appellant caused serious bodily injury to Victim. On June 15, 2018, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907; Appellant responded on July 6, 2018. On July 18, 2018, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal on August 9, 2018. The PCRA court did not order and Appellant did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue on appeal:

> DID THE PCRA COURT ERR BY DISMISSING [APPELLANT'S] PETITION WITHOUT A HEARING WHERE HE ADEQUATELY [PLED] HIS CLAIM THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RETAIN AN EXPERT WITNESS AND GENUINE ISSUES OF MATERIAL FACT EXIST?

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super.

2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012); Pa.R.Crim.P. 907.

Appellant argues he suffered prejudice from trial counsel's failure to present evidence of Victim's pre-existing head injury. Appellant contends the record does not support a finding of his intent to cause serious bodily injury, where the evidence did not show Appellant was "disproportionately larger" than Victim, that Appellant acted with "particular viciousness," or that Victim did not see Appellant approach.

Appellant maintains his now-proffered expert, Dr. Guzzardi, would distinguish Victim's pre-existing head injury from the injuries Appellant inflicted. Appellant continues Dr. Guzzardi's testimony would show Victim suffered from multiple symptoms prior to the current incident, such that the injuries Appellant caused were not within the meaning of serious bodily injury. Appellant avers he suffered prejudice because the court could not have found Appellant inflicted serious bodily injury if counsel had presented evidence or expert testimony of Victim's pre-existing injuries. Appellant concludes this Court should reverse the order denying PCRA relief and order a new trial or an evidentiary hearing. We disagree.

To be eligible for relief under the PCRA, the petitioner must plead and

prove his conviction resulted from one or more of the grounds set forth in 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii). *Commonwealth v. Zook*, 585 Pa. 11, 25, 887 A.2d 1218, 1226 (2005). "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." *Commonwealth v. Price*, 876 A.2d 988, 995 (Pa.Super. 2005), *appeal denied*, 587 Pa. 706, 897 A.2d 1184 (2006), *cert. denied*, 549 U.S. 902, 127 S.Ct. 224, 166 L.Ed.2d 179 (2006) (holding petitioner's challenge to sufficiency of evidence is not cognizable under PCRA); *Commonwealth v. Bell*, 706 A.2d 855 (Pa.Super. 1998), *appeal denied*, 557 Pa. 624, 732 A.2d 611 (1998) (stating sufficiency of evidence claims are not cognizable under PCRA). Straightforward challenges to the sufficiency and weight of the evidence are not enumerated errors listed in the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). Under the traditional analysis, to prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden to prove his claims by a preponderance of the evidence. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that

the outcome of the proceedings would have been different. *Id.  See also Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999).  "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 34, 84 A.3d 294, 312 (2014) (quoting *Commonwealth v. Ali*, 608 Pa. 71, 86-87, 10 A.3d 282, 291 (2010)).  "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the...test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Commonwealth v. Steele*, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit...." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994).  "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests.  If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings.  The [appellant] must

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [**Kimball, supra**], we held that a criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Commonwealth v. Chambers**, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002)

(internal citations and quotation marks omitted).

[T]o prevail on a claim of ineffectiveness for failing to call a witness, a [petitioner] must prove, in addition to meeting the three **Pierce** requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the [witness'] testimony was so prejudicial as to have denied him a fair trial.

**Commonwealth v. Wright**, 599 Pa. 270, 331, 961 A.2d 119, 155 (2008).

To demonstrate...prejudice, a petitioner must show how the uncalled [witness'] testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the [witness'] testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

**Commonwealth v. Sneed**, 616 Pa. 1, 23, 45 A.3d 1096, 1109 (2012)

(internal citations and quotation marks omitted).

The Pennsylvania Crimes Code defines aggravated assault as follows:

### § 2702. Aggravated assault

**(a)    Offense    defined.**—A    person    is    guilty    of

aggravated assault if he:

> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

\* \* \*

18 Pa.C.S.A. § 2702(a)(1). According to the statute, a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, **or** causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." *Id.* (emphasis added); ***Commonwealth. v. Payne***, 868 A.2d 1257, 1261 (Pa.Super. 2005), *appeal denied*, 583 Pa. 681, 877 A.2d 461 (2005). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Further, we observe:

> Looking first to whether evidence established intent to cause serious bodily injury, we note that such an inquiry into intent must be determined on a case-by-case basis. Because direct evidence of intent is often unavailable, intent to cause serious bodily injury may be shown by the circumstances surrounding the attack. In determining whether intent was proven from such circumstances, the fact finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom.

> Circumstances deemed probative in this inquiry have included evidence that the assailant was disproportionately larger or stronger than the victim, that the assailant had to be restrained from escalating his attack, that the assailant had a weapon or other implement to aid his attack, or that

- 8 -

the assailant made statements before, during, or after the attack which might indicate his intent to inflict further injury. Depending on the circumstances, even a single punch may be sufficient.

*Commonwealth v. Bruce*, 916 A.2d 657, 661-62 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007) (internal citations and quotation marks omitted).

Where the victim **actually** suffers serious bodily injury, the Commonwealth is not required to prove the defendant acted with the specific intent to cause the victim's injuries. ***Commonwealth v. Nichols***, 692 A.2d 181, 185 (Pa.Super. 1997).

> The Commonwealth need only prove appellant acted recklessly under circumstances manifesting an extreme indifference to the value of human life. For the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue.

*Id.* at 185 (internal citations and quotation marks omitted). In other words, the Commonwealth must show "the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm. This state of mind may be inferred from conduct, [disregard] of consequences, or the cruelty of the crime." ***Payne, supra*** at 1261 (internal citations and quotation marks omitted).

Instantly, after Victim interceded in an argument between two groups, Appellant struck Victim in the face. Victim lost consciousness, fell straight backward, and hit his head on the floor. Essentially, Appellant delivered a

knockout punch to Victim. Victim sustained a concussion, fractured nose, cervical sprain, and subarachnoid hemorrhage. Victim remained in the hospital for two days and did not return to work for three weeks.

Here, to the extent Appellant presents a portion of his argument as a straightforward challenge to the sufficiency of the evidence, his claim is arguably waived. A sufficiency of the evidence claim is not cognizable under the PCRA; therefore, this portion of Appellant's argument is arguably waived. *See* 42 Pa.C.S.A. § 9543(a); *Price, supra*.

To the extent Appellant presents his entire argument under the rubric of ineffective assistance of counsel, the PCRA court analyzed Appellant's issue as follows:

> [Appellant] alleges that his trial counsel was ineffective for failing to obtain medical records of [Victim] and present expert testimony showing that [Victim] had a pre-existing brain injury, which was not caused by [Appellant]. The evidence at trial demonstrated that [Victim] was struck by [Appellant] and everything went black for [Victim]. [Victim] fell straight back and hit his head on the floor. [Victim was briefly in [and] out of consciousness, regaining full consciousness in a hospital room. No one in [Victim's] group struck [Appellant]. [Appellant] was substantially larger than [Victim].
>
> … The evidence demonstrates the requisite intent, an attempt to cause serious bodily injury and, even without the concussion evidence, actual serious bodily injury intentionally or recklessly cause[d]. Although [Appellant] struck only one blow, [Victim] suffered significant injury: posterior scalp laceration, cervical sprain and nasal bone fracture. [Victim] received four sutures for the scalp laceration. [Victim's] balance was off for several days leaving him unable to walk, he was required to wear a neck brace, and he suffered some short term memory loss and

- 10 -

loss of coordination. [Victim] also was left without memory of the blow and the events thereafter. [Victim] was in the hospital for two days and was out of work for three weeks. ... The injuries caused by [Appellant] meet [the] definition [of serious bodily injury].

Moreover, even if the injuries did not constitute serious bodily injury, the evidence supports a finding that the blow was [delivered] with the intent to inflict serious bodily injury. Here, ...there was evidence that [Appellant] was disproportionately larger tha[n Victim]. ... [Victim] never saw the punch coming, and the punch was so forceful that it caused [Victim] to fall, strike his head and lose consciousness.

* * *

Here, [Victim] was not even aware of [Appellant]. [Victim] was attempting to deescalate an incident, when [Appellant] hit him with a blow [Victim] never saw coming. That blow struck by [Appellant] was so aimed to harm, that it left [Victim] essentially out on his feet as he fell straight back, dead-weight, unable to break his fall. As the [c]ourt noted in pronouncing the verdict: "[The] evidence in this case as a whole...prove[d] instead an unprovoked attack, with particular viciousness, even i[f] just one punch."

* * *

None of the facts set forth...[is] rebutted by the evidence of pre-existing brain injury or [Appellant's] expert's opinions. Accordingly, even if trial counsel had presented evidence and expert testimony regarding a pre-existing brain injury, the evidence at trial would have still demonstrated both that [Appellant] attempted to cause serious bodily injury and, whether intentionally or recklessly, ...did in fact do so. Either [intent to cause serious bodily injury or causing serious bodily injury] is sufficient to sustain the [conviction].... Because trial counsel cannot be found ineffective for failing to pursue a meritless claim, [Appellant] is not entitled to relief.

(PCRA Court Order, filed July 18, 2018, at 1 n.1 unpaginated) (internal

citations and some quotation marks omitted). The record supports the PCRA court's analysis. **See** 18 Pa.C.S.A. § 2702(a)(1); **Sneed, supra**; **Pierce, supra**; **Bruce, supra**; **Payne, supra**; **Poplawski, supra**; **Nichols, supra**. Therefore, the PCRA court properly denied relief. **See Conway, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/19