J. S20011/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT E. QUICK, | : | No. 554 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 6, 2014,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0001668-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　　**FILED APRIL 15, 2015**

Appellant, Robert E. Quick, appeals from the judgment of sentence

entered on March 6, 2014, in the Court of Common Pleas of Erie County.

Appointed counsel, John H. Moore, Esq., has filed a petition to withdraw

accompanied by an **Anders** brief.[1]  We grant counsel's withdrawal petition

and affirm.

The facts of this matter, as aptly summarized by the trial court, are as

follows:

> This case involves the murder of Aderian Page,
> which occurred on February 22, 2013, inside
> Appellant's apartment.  Police recovered the victim's
> body on February 28, 2013, in a yard near
> Appellant's apartment.  N.T. Degree Hearing
> (Day 1), 1/13/14, at 72.  Police subsequently served

---

[1] See **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

> a search warrant at Appellant's residence and found the victim's blood on Appellant's living room table and clothing. *Id.*, at 78-79, 85. After treating the living room with Lumiscene,[Footnote 2] police uncovered blood evidence in the center of the room, drag marks across the floor and through the front door, casting on a television and wall, and wipe marks on a wall. *Id.*, at 80-83. Police also recovered a baseball bat with the victim's blood on it and paperwork indicating that Appellant was in arrears on his financial obligations. *Id.*, at 84-91.
>
> > [Footnote 2] Lumiscene is a substance that emits a glow when it reacts to the presence of blood. *Id.*, at 79.

Trial court opinion, 7/8/14 at 1-2.

On January 8, 2014, appellant pled guilty to a general charge of criminal homicide, possessing instruments of crime, theft by unlawful taking, and abuse of corpse. In exchange for his plea, the Commonwealth **nolle prossed** the charges of aggravated assault, recklessly endangering another person, robbery, and tampering with evidence. Appellant admitted to killing the victim by striking him multiple times about the head and body with an aluminum baseball bat; unlawfully taking $500 from the victim; removing the victim's body from his apartment; disposing of the body in an adjacent yard; and exposing the body to the outdoor elements. (**See** notes of testimony, Plea, 1/8/14 at 6-7, 11-14, 15-17.) Appellant agreed that the trial court would determine the degree of guilt for homicide, either first degree or third degree, at a subsequent proceeding. (**Id.**, at 21.)

On January 13, 2014, appellant's degree of guilt hearing commenced; and on January 14, 2014, the trial court found appellant guilty of first-degree murder. On March 6, 2014, appellant was sentenced as follows: a mandatory term of life imprisonment without parole at Count 1, first degree murder; a concurrent term of 1 to 60 months' imprisonment at Count 4, possessing instruments of crime; a concurrent term of 6 to 60 months' imprisonment at Count 5, theft by unlawful taking; and a consecutive term of 1 to 24 months' imprisonment at Count 8, abuse of corpse. Appellant filed a timely notice of appeal on April 4, 2014. Thereafter, counsel complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Appellant has raised the following issue for this court's review:

> Whether there was insufficient evidence to find Appellant guilty of First Degree Murder[?]

Appellant's brief at 4.

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an *Anders* brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010), citing *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Upon review, we find that Attorney Moore has complied with all of the above requirements. In addition, Attorney Moore served appellant a copy of the **Anders** brief, and advised him of his right to proceed **pro se** or hire a private attorney to raise any additional points he deemed worthy of this court's review. Appellant has not responded to counsel's motion to withdraw. As we find the requirements of **Anders** and **Santiago** are met, we will proceed to the issue on appeal.

> Our standard of review for sufficiency is clear. We must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, supports all of the elements of the offense beyond a reasonable

> doubt. ***Commonwealth v. Bomar***, 573 Pa. 426, 826 A.2d 831, 840 (2003). In making this determination, we consider both direct and circumstantial evidence, cognizant that circumstantial evidence alone can be sufficient to prove every element of an offense. ***Commonwealth v. Gorby***, 527 Pa. 98, 588 A.2d 902, 906 (1991). We may not substitute our own judgment for the jury's, as it is the fact finder's province to weigh the evidence, determine the credibility of witnesses, and believe all, part, or none of the evidence submitted. ***Commonwealth v. Hawkins***, 549 Pa. 352, 701 A.2d 492, 501 (1997).

***Commonwealth v. Cooper***, 941 A.2d 655, 662 (Pa. 2007).

> Evidence is sufficient to sustain a conviction of first-degree murder where the Commonwealth establishes that a human being was unlawfully killed, that the person accused did the killing, and that the accused acted with a specific intent to kill. ***Commonwealth v. May***, 584 Pa. 640, 887 A.2d 750, 753 (2005). An intentional killing is one that is willful, deliberate, and premeditated. 18 Pa.C.S. § 2502(d).

***Id.*** "Specific intent to kill can be proven where the defendant knowingly applies deadly force to the person of another." ***Commonwealth v. Hawkins***, 701 A.2d 492, 500 (Pa. 1997) (citation omitted), ***cert. denied***, 523 U.S. 1083 (1998).

As previously stated, after entering a guilty plea to a general charge of criminal homicide, appellant agreed that the trial court would determine whether he committed first-degree or third-degree murder. As such, the issue before the trial court was whether the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that "the accused acted with

malice and a specific intent to kill." ***Commonwealth v. Sanchez***, 36 A.3d 24, 37 (Pa. 2011). Appellant argues he only intended to drive the victim out of his apartment. (Appellant's brief at 7.)

Dr. Eric Vey, a forensic pathologist with the Erie County Coroner's Office, performed an autopsy of the victim on March 2, 2013. Dr. Vey testified at the degree of guilt hearing regarding the injuries he observed. Dr. Vey acknowledged there were five or six strikes with a baseball bat, with a majority hitting the victim's head. (Notes of testimony, Degree of Guilt hearing, Day 1, 1/13/14 at 64.) In particular, Dr. Vey discussed two lacerations to the back of the victim's head caused by either one or two blows from the baseball bat. Dr. Vey testified that while not fatal, those blows definitely had a severe effect; ***i.e.***, either rendering the victim unconscious, or at the very least, "woozy" from getting hit in the head. (***Id.*** at 21-22.) Dr. Vey concluded the victim's cause of death was due to blunt force trauma to the head. (***Id.*** at 12.)

Appellant testified that he let the victim, his drug dealer, into his house on the night in question. (***Id.*** at 106.) Appellant stated that when he admitted he owed another drug dealer $60, the victim walked up, pointed his finger at appellant, and then with a fist "got [appellant] in the lip." (***Id.***) Appellant called the victim a "MF" and told him he should not hit his clients. (***Id.***) According to appellant, he thought the victim may have a gun so when the victim turned, appellant picked up the baseball bat. (***Id.*** at

106-107.) Appellant stated he thought he would knock the victim out and get him out of the house because appellant did not want his house trashed and he was scared. (*Id.* at 107.) Appellant claimed to have hit the victim once, but the victim "came at him like a football player." (*Id.* at 109.) When asked how many times he hit the victim, appellant stated: "I can't even answer that to be honest with you. It was so fast. It was like it was in slow -- like a dream. I can't even answer that for you." (*Id.* at 109.) Later in his testimony, appellant acknowledged that he hit the victim "at least three times." (*Id.* at 110.) Appellant admitted he never saw the victim pull out a gun. (*Id.* at 109-110.)

Appellant's own testimony is certainly damning in that he first struck the victim after he turned away. *See Commonwealth v. Cruz,* 919 A.2d 279, 281 (Pa.Super. 2007) (finding that evidence that the defendant shot the victim in the back with a firearm was sufficient to support an inference of malice and specific intent to kill). The forensic evidence that indicated appellant repeatedly struck the victim's head with a baseball bat causing numerous injuries was sufficient to establish beyond a reasonable doubt that appellant acted with malice and specific intent to kill. *Commonwealth v. Nichols*, 692 A.2d 181 (Pa.Super. 1992) (finding that a baseball bat, when swung at a victim's head, constitutes a deadly weapon).

Instantly, when viewed in the light most favorable to the Commonwealth, the evidence refutes appellant's claim that he only intended

to knock the victim out, but rather inflicted a series of blows that ultimately resulted in the victim's death. Additionally, we observe the trial court did not find appellant's testimony credible. **See** trial court opinion, 7/8/14 at 6.

Having determined that the instant appeal is wholly frivolous, and, after our own independent review, that there are no issues of arguable merit apparent from the record, we will grant Attorney Moore's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015