J-S66012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMIRE WARREN | |
| Appellant | No. 1446 EDA 2018 |

Appeal from the Judgment of Sentence entered April 17, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004926-2017

BEFORE:  STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                      **FILED FEBRUARY 28, 2020**

Appellant, Damire Warren, appeals from the judgment of sentence entered on April 17, 2018 in the Court of Common Pleas of Philadelphia County following his convictions of aggravated assault as a first-degree felony, possessing instruments of crime ("PIC"), and recklessly endangering another person ("REAP").[1]  Appellant challenges, *inter alia*, the sufficiency and weight of the evidence, the characterization of a wooden board as an instrument of crime, and the grading of his aggravated assault conviction.  Upon review, we affirm.

The trial court summarized the facts presented at Appellant's bench trial as follows:

---

[1] 18 Pa.C.S.A. §§ 2702(a), 907(a), and 2705, respectively.

On May 16, 2017, at approximately 8:00 p.m., Michael Hawkins (the victim) walked across the street from his home at 1916 South Beachwood Street to visit his neighbor, Frank Nino. The pair had only recently begun drinking cans of beer on the front steps of Nino's residence when Damire Warren (Appellant) approached them "mumbling stuff." The Appellant and Hawkins briefly exchanged words before the Appellant then walked towards a nearby pile of debris and picked up a wooden board (approximately four feet in length, two feet in width, and two inches thick). Hawkins and Nino had resumed talking with each another when the Appellant reapproached Hawkins from his left side and hit him in the face with the board. The blow was so forceful that it caused the board to break into two pieces.

Hawkins immediately stood up from the steps and chased after the Appellant, who had retreated behind a nearby van. As Hawkins walked around the back of the van, the Appellant threw the remaining piece of the board at him, again striking him in the head. The impact of the blow caused Hawkins to slip and fall to the ground, whereby the Appellant immediately stomped on the victim's head once with his foot. Nino testified that he witnessed the Appellant hit the victim in the head with the board the first time, and then witnessed the victim chase after the Appellant behind the van, but he was unable to view what occurred once the two were out of his line of sight. He further testified that Hawkins did not physically engage the Appellant prior to being hit. After the incident, he saw the Appellant retreat down the street.

Shortly thereafter, Nino's son drove Hawkins to the Veterans Administration Hospital for treatment. Detective Duffy took a statement from Hawkins and several photographs of his injuries. **Hawkins initially received forty-seven facial stitches the night of the incident. He later had several surgeries (beginning a week later) inserting five facial plates, and some of his teeth were reattached. Moreover, his jaw was wired shut for approximately eight weeks, requiring him to consume food through a** s**traw. Furthermore, the victim testified that he still had lingering numbness on the left side of his face at the time of trial, nine months after the incident.**

Trial Court Opinion, 3/5/19, at 2-3 (footnotes with citations to notes of

testimony omitted) (emphasis in original).

At the conclusion of Appellant's February 16, 2018 bench trial, the court found Appellant guilty of aggravated assault (F1), PIC and REAP. The court determined Appellant was not guilty of additional charges of terroristic threats and simple assault. Notes of Testimony ("N.T."), Trial, 2/16/18, at 84. The court ordered a presentence investigation and scheduled sentencing for April 17, 2018, aware that Appellant had a prior record score of five. *Id.*

On April 17, 2018, the trial court sentenced Appellant to a term of five and a half to eleven years in prison for aggravated assault, followed by two years' probation for PIC. The court did not impose any additional sentence for REAP, in light of its merger with aggravated assault. N.T., Sentencing, 4/17/18, at 17-18.

Appellant filed a timely notice of appeal on May 3, 2018. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

In his brief, Appellant presents five issues for our consideration:

1. Whether the verdict was against the sufficiency and/or weight of the evidence.

---

[2] We note that Appellant's counsel was granted leave to withdraw after filing a brief on behalf of Appellant. New counsel was appointed and, by letter dated November 11, 2019, advised this Court that the brief filed by former counsel was sufficient and no additional filing would be forthcoming. Our review of the brief reveals that former counsel failed to attach a copy of Appellant's Rule 1925(b) statement to the brief as required by Pa.R.A.P. 2111(a)(11) and (d). Clearly, this omission, along with the omission of a proper statement of the standard and scope of review required by Rule 2111(a)(3), is attributable to former counsel. Nevertheless, we remind counsel of the requirements of our appellate rules pertaining to briefs. While the deficiencies are significant, they do not impede our ability to review Appellant's issues. Therefore, we shall consider his claims, to the extent they have been preserved for review.

2. Whether the court erred in admitting evidence that had a prejudicial effect that far outweighed any probative value.

3. Whether the court erred [in] failing to negate the charges against Appellant.

4. Whether the court erred in finding that the board was an instrument of crime.

5. Whether the court erred in not downgrading the aggravated assault charge to a felony of the second degree.

Statement of Questions Involved, Appellant's Brief at 1.

In his first issue, Appellant challenges the sufficiency and weight of the evidence. With respect to sufficiency of evidence, as this Court reiterated in **Commonwealth v. Fortune**, 68 A.3d 980 (Pa. Super. 2013) (*en banc*):

> We review Appellant's challenge to the sufficiency of the evidence under the following, well-settled standard of review:
>
> > A claim challenging the sufficiency of the evidence presents a question of law. **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751 (2000). We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." **Commonwealth v. Hughes**, 521 Pa. 423, 555 A.2d 1264, 1267 (1989). We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict." **Id.**

**Id.** at 983.

Appellant was convicted of aggravated assault (FI), PIC and REAP. With regard to aggravated assault, a person commits that crime as a first-degree felony if he "attempts to cause serious bodily injury to another, or causes such

- 4 -

injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Viewing the evidence in the light most favorable to the Commonwealth, we conclude the evidence was sufficient to support Appellant's aggravated assault conviction as a first-degree felony. As the trial court explained, "Appellant picked up a wooden board ("two-by-four") from a pile of debris and approached Hawkins before intentionally hitting him on the left side of his face causing the board to break into two pieces. . . . [T]he victim did nothing physically to the Appellant prior to the assault." Trial Court Opinion, 3/5/19, at 4 (footnotes with citations to notes of testimony omitted). When the victim gave chase to Appellant, Appellant threw the board at his victim, hitting him in the head again and causing him to fall to the ground. *Id.* At that point, Appellant stomped on the victim's face. *Id.*

The evidence was sufficient to find that Appellant attempted to cause serious bodily injury to his victim and, in fact, caused such injury and impairment under circumstances that demonstrated his extreme indifference to the value of human life. Further, due to Appellant's actions, his victim suffered injuries and impairment requiring a number of surgeries during which

five facial plates were implanted, some of the victim's teeth were reattached, and his jaw was wired shut for eight weeks. The injuries inflicted by Appellant constituted serious bodily injuries as defined by the statute. ***Commonwealth v. Nichols***, 692 A.2d 181, 184 (Pa. Super. 1997) (injury to victim hit with a baseball bat, requiring jaw to be wired shut for six weeks, constituted impairment of the function of a bodily member). Moreover, at the time of trial, nine months after the attack, the victim continued to experience residual numbness on the left side of his face. Appellant's challenge to the sufficiency of evidence supporting his aggravated assault conviction fails.

We find the evidence likewise was sufficient to support Appellant's convictions for PIC and REAP. Under 18 Pa.C.S.A. § 907(a), "[a] person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." As defined in Section 907(d), an "instrument of crime" includes, *inter alia*, "anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." While a wooden board or a two-by-four may have many lawful uses, striking a person across the face and throwing the object at a person's head do not constitute lawful uses. Here, Appellant possessed the board and intended to—and did—employ it criminally. ***See, e.g., Commonwealth v. Tukhi***, 149 A.3d 881, 887 (Pa. Super. 2016) (evidence sufficient to find iron pipe, which was swung at victim, breaking his arm, was an instrument of crime).

With regard to REAP, "[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. As the trial court observed, "Here, the Appellant struck Hawkins in the head with a wooden board (approximately four feet in length and two inches thick), demonstrating (at a minimum) a total disregard that a foreseeable and unjustifiable risk of serious injury would result." Trial Court Opinion, 3/5/19, at 7 (footnote omitted). The evidence presented at trial was clearly sufficient to support Appellant's REAP conviction.

Appellant also contends his guilty verdicts were against the weight of the evidence. In order preserve a weight of evidence claim, an appellant must raise the claim "either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Mbewe*, 203 A.3d 983, 988 (Pa. Super. 2019) (quoting *Commonwealth v. Jones*, 191 A.3d 830, 834 (Pa. Super. 2018) (citing Pa.R.Crim.P. 607(A)(1)-(3)). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id.* (quoting Comment to Pa.R.Crim.P. 607). Appellant failed to preserve a weight of the evidence claim as required. Therefore, the claim is waived.

In his second issue, Appellant argues the trial court erred by admitting evidence whose prejudicial effect outweighed its probative value. Specifically, Appellant complains that the court permitted the Commonwealth to question

Appellant about a juvenile adjudication from 2003. The admission of evidence is a matter of trial court discretion and we will not reverse an evidentiary ruling absent an abuse of discretion. *Commonwealth v. Hoover*, 107 A.3d 723, 729 (Pa. 2014).

Appellant offers only the conclusory statement that "[t]he surrounding circumstances and the remote nature of the offense certainly made the prejudicial effect substantially outweigh its probative value, and the Appellant did not receive written notice of the Commonwealth's intended use, as required by Rule 609. Thus, the evidence should not have been permitted." Appellant's Brief at 6. However, as the trial court observed:

> [T]he scope of Pa.R.E. 609 is broadly applicable to impeachment evidence meant to attack the *credibility* of any witness (i.e. the witness's ability to testify truthfully), which is dissimilar from using the evidence of a conviction to specifically establish whether the defendant or victim was first aggressor in an assault and battery case. The comment of Pa.R.E. 609 references 42 Pa.C.S.A. § 5918, which provides that a defendant, who testifies on his own behalf, cannot be cross-examined about prior convictions **unless** "he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation."
>
> In the present case, the Appellant questioned the victim on cross-examination about his previous guilty plea convictions (for making terroristic threats) to establish that the victim was first aggressor. The Commonwealth objected and expressly petitioned the court to allow for rebuttal if the Appellant intended to open the door to attack his character for the same trait under Pa.R.E. 404(a)(2)(b)(ii). The court concurred with the Commonwealth and expressly asked the Appellant [via counsel] whether he understood the same, to which [Appellant's counsel] responded affirmatively.

Accordingly, the Commonwealth questioned the Appellant about his prior juvenile adjudication of delinquency for simple assault (pursuant to 42 Pa.C.S.A. § 5918 when a defendant testifies on his own behalf), a conviction that directly correlated with the pertinent character trait in an aggravated assault case. Moreover, the court did not permit the Commonwealth to dwell on the subject.

Trial Court Opinion, 3/5/19, at 9-10 (footnotes omitted) (emphasis and alterations in original).

Based on our review of the evidence presented, in the questioning of both the victim and Appellant, we find no abuse of discretion in the trial court's allowance of testimony concerning Appellant's prior adjudication. Appellant's second issue fails for lack of merit.

In his third issue, Appellant alleges error for the trial court's refusal to negate charges of aggravated assault, PIC and REAP based on Appellant's assertion that his actions were justified. In essence, without citation to legal authority, Appellant contends the trial court improperly rejected Appellant's claim that he acted in self-defense after the victim swung at him with a stick. We have already determined that the evidence was sufficient to support each of Appellant's convictions beyond a reasonable doubt. Appellant's third issue does not provide any basis for relief.

Appellant next asserts trial court error for determining that the board used to strike the victim was an instrument of crime. As explained above, we determined that the board was used by Appellant for criminal purposes and was possessed by Appellant under circumstances not manifestly appropriate

for any lawful purposes it might have. Therefore, we find the evidence was sufficient for the trial court to conclude the board constituted an instrument of crime under 18 Pa.C.S.A. § 907. The court did not err in its conclusion.

In his fifth and final issue, Appellant argues the trial court committed error by not downgrading his aggravated assault charge from a first-degree to a second-degree felony. As the trial court noted, "The distinguishing factor between the grading is the degree of severity assigned to the victim's injury." Trial Court Opinion, 3/5/19, at 11. In essence, first-degree aggravated assault involves an attempt to cause or the causing of "serious bodily injury," while second-degree aggravated assault is appropriately charged for an attempt to cause or the causing of "bodily injury to another with a deadly weapon." 18 Pa.C.S.A. §§ 2702(a)(1) and 2702(a)(4). As indicated above, Appellant caused serious bodily injury to his victim requiring several surgeries, the implanting of five facial plates, the reattachment of teeth, forty-seven stitches, and the wiring shut of the victim's jaw for a period of eight weeks.[3]

---

[3] Appellant contends the victim claimed injuries but failed to produce medical records to prove the injuries. As counsel for both parties indicated at trial, their attempts to procure records from the Veterans Administration Hospital by subpoena and court order were unsuccessful. N.T., Trial, 2/16/18, at 75. Regardless, the Commonwealth admitted a photograph of the victim taken by the investigating detective on the night of the assault. That photograph shows significant bruising and swelling on the left side of the victim's face. In addition, although medical records were not available, the victim credibly testified as to his injuries and the treatments he endured as a result of the assault.

Because the aggravated assault committed by Appellant resulted in serious bodily injury, he was properly charged with a felony in the first degree.

Appellant is not entitled to relief on any of the claims presented to this Court. Therefore, we shall affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_[signature]_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/20